Submitted December 13, reversed and remanded
December 29, 1960

## STATE HIGHWAY COMMISSION *v.*
### PARKER ET UX
**358 P. 2d 274**

Robert Y. Thornton, Attorney General of Oregon, Salem, L. I. Lindas, Charles Peterson and Richard C. Bemis, Assistant Attorneys General, Salem, filed a brief for appellant.

Mark V. Weatherford and Harrison M. Weatherford, Albany, filed a brief for respondents.

Before McALLISTER, Chief Justice, ROSSMAN,

WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

ROSSMAN, J.

This is an appeal by the State of Oregon through its Highway Commission from a judgment of the circuit court which condemned and appropriated to the state a tract of real property, described in the complaint and owned by the defendants, upon the payment by the state to the defendants of the sum of $1000. The state, as plaintiff-appellant, deems the sum excessive.

In appealing the state submits four assignments of error. The first challenges a ruling which sustained the defendants' objection to the following question which the state submitted to one of its expert value witnesses, Harold Meyer:

"Now, sir, you say you considered the sales of other property. Can you tell us of some particular sales that were of assistance to you in forming an opinion as to the value of the Parker property?"

The third assignment of error was based upon the trial judge's ruling which prevented the second expert value witness called by the state, Robert Friess, from answering the following question:

"Will you describe in detail and without mentioning the price, the circumstances and facts of several sales which were of assistance to you."

The second and fourth assignments of error challenge the rulings which rejected the offers of proof based upon the questions propounded to Mr. Meyer and to Mr. Friess.

The state's (appellant's) brief declares:

"The question presented for decision on appeal is whether an expert witness in an action in eminent

domain is entitled, on direct examination, to identify and describe properties in the area, recently sold, having characteristics similar to the property under condemnation and considered by the appraiser in arriving at his opinion as to the value of the subject property, and whether it is prejudicial error for the trial court to exclude such testimony."

*State Highway Commission v. Parker, et al,* being a decision which was announced by this court December 7, 1960, gave extended consideration to the very issues that are presented by the above four assignments of error and that are summarized in the question presented. The ruling announced in that case answers the above question presented in the affirmative. We know of no reason for departing from the ruling just mentioned. It necessarily follows that the assignments of error in the case at bar must be sustained. The judgment of the circuit court is reversed and the cause is remanded for trial in harmony with the rulings in *State Highway Commission v. Parker, et al,* supra.